**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

---

WILLIE WASHINGTON,

   Plaintiff,

v.

ALBERT "BO" ROBINSON
COMMUNITY EDUCATION CENTERS,

   Defendant.

Civil Action No. 09-0346 (GEB)

**O P I N I O N**

---

**APPEARANCES:**

Willie Washington, Plaintiff, Pro Se
#587378
809 Asbury Aven.
Asbury Park, NJ 07712

Matthew J. Behr, Esq.
Marshall, Dennehey, Warner, Coleman & Goggin
200 Lake Drive East, Suite 300
Cherry Hill, NJ 08002
Attorney for Defendant Albert "Bo" Robinson Community
 Education Centers

**BROWN, Chief Judge**

  This matter comes before the Court upon the Motion for Summary Judgment (Doc. No. 17) of the defendant Albert "Bo" Robinson Community Education Centers ("Defendant"). Plaintiff has not opposed the motion. The Court has reviewed the Defendant's submission and decided the motion without oral argument pursuant to Federal Rule of Civil Procedure 78. For the reasons that follow, the Court will grant Defendant's Motion for Summary Judgment.

## FACTUAL AND PROCEDURAL BACKGROUND

On January 27, 2009, Plaintiff, while housed at Defendant Bo Robinson Community Education Center ("the Center") in Trenton, New Jersey, filed a complaint against the Center, stating that his left eye had been bleeding, discharging a white fluid, and that white tissue had developed "completely blinding him." (Complaint, ¶ 4). Plaintiff alleged that "for well over a month" he had been "pleading" with staff for emergent hospitalization or emergency room service, and had been denied adequate medical attention. (Complt., ¶ 5). Plaintiff contended that staff at the Center disregarded the grievance system in place, and refused to grant medical services that were afforded other prisoners in other facilities, due to monetary concerns. (Complt., ¶ 6). He further alleged that the staff at the Center were indifferent to his medical needs and that it was obvious from looking at his eye that he needed treatment. (Complt., ¶¶ 6-7).

On January 29, 2009, this Court issued an Order to Show Cause directing service of the complaint to Defendant. On February 11, 2009, Defendant filed an Answer to the complaint, asserting that Plaintiff had been discharged from the Center on January 30, 2009, and denying the majority of Plaintiff's claims (docket entry 5).[1] This Court dismissed the Order to Show Cause

---

[1] Although Defendant's submission asserts that Plaintiff was discharged from the Bo Robinson Center on January 30, 2009, the record submitted with the Motion for Summary Judgment show that he was actually discharged on January 15, 2009.

2

as moot, based on Defendant's submission that Plaintiff had been removed from their care (docket entry 8).

On December 4, 2009, a Status Conference was held before Magistrate Judge Douglas E. Arpert, and an Amended Scheduling Order was entered, providing Plaintiff until January 11, 2010 to retain counsel, and that if he failed to do so, Defendant could proceed with Plaintiff's deposition (docket entry 15). Plaintiff did not retain counsel, and Plaintiff's deposition occurred on January 26, 2010. Defendant's summary judgment motion was filed on February 24, 2010 (docket entry 17). Plaintiff has not opposed the motion. No further activity has occurred on the docket.

## DISCUSSION

### A. Standard for a Motion for Summary Judgment

A party seeking summary judgment must "show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c); see also Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986); Orson, Inc. v. Miramax Film Corp., 79 F.3d 1358, 1366 (3d Cir. 1996); Healy v. New York Life Ins. Co., 860 F.2d 1209, 1219, n.3 (3d Cir. 1988), cert. denied, 490 U.S. 1098 (1989); Hersh v. Allen Prods. Co., 789 F.2d 230, 232 (3d Cir. 1986). The threshold inquiry is whether "there are any genuine factual issues that properly can be resolved only by a finder of fact

because they may reasonably be resolved in favor of either party." <u>Anderson v. Liberty Lobby, Inc.</u>, 477 U.S. 242, 250 (1986)(noting that no issue for trial exists unless there is sufficient evidence favoring the nonmoving party for a jury to return a verdict in its favor). In deciding whether triable issues of fact exist, the Court must view the underlying facts and draw all reasonable inferences in favor of the non-moving party. See <u>Matsushita Elec. Indus. Co. v. Zenith Radio Corp.</u>, 475 U.S. 574, 587 (1986); <u>Pennsylvania Coal Ass'n v. Babbitt</u>, 63 F.3d 231, 236 (3d Cir. 1995); <u>Hancock Indus. v. Schaeffer</u>, 811 F.2d 225, 231 (3d Cir. 1987).

Rule 56(e) of the Federal Rules of Civil Procedure provides, in relevant part:

> When a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of the adverse party's pleading, but the adverse party's response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial. If the adverse party does not so respond, summary judgment, if appropriate, shall be entered against the adverse party.

Fed. R. Civ. P. 56(e). The rule does not increase or decrease a party's ultimate burden of proof on a claim. Rather, "the determination of whether a given factual dispute requires submission to a jury must be guided by the substantive evidentiary standards that apply to the case." <u>Anderson</u>, 477 U.S. at 255.

Under the Rule, a movant must be awarded summary judgment on all properly supported issues identified in its motion, except those for which the nonmoving party has provided evidence to show that a question of material fact remains. See Celotex, 477 U.S. at 324. Put another way, once the moving party has properly supported its showing of no triable issue of fact and of an entitlement to judgment as a matter of law, for example, with affidavits, which may be "supplemented . . . by depositions, answers to interrogatories, or further affidavits," id. at 322 n.3, "its opponent must do more than simply show that there is some metaphysical doubt as to the material facts." Matsushita, 475 U.S. at 586 (citations omitted); see also Anderson, 477 U.S. at 247-48 (stating that "[b]y its very terms, this standard provides that the mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no *genuine* issue of *material* fact.").

What the nonmoving party must do is "go beyond the pleadings and by [its] own affidavits, or by the 'depositions, answers to interrogatories, and admissions on file,' designate 'specific facts showing that there is a genuine issue for trial.'" Celotex, 477 U.S. at 324; see also Lujan v. National Wildlife Fed'n, 497 U.S. 871, 888 (1990)(stating that "[t]he object of [Rule 56(e)] is not to replace conclusory allegations

of the complaint . . . with conclusory allegations of an affidavit."); Anderson, 477 U.S. at 249; Big Apple BMW, Inc. v. BMW of N. Am., Inc., 974 F.2d 1358, 1363 (3d Cir. 1992), cert. denied, 507 U.S. 912 (1993)(stating that "[t]o raise a genuine issue of material fact, . . . the opponent need not match, item for item, each piece of evidence proffered by the movant," but must "exceed[] the 'mere scintilla' threshold and . . . offer[] a genuine issue of material fact.").

The Local Civil Rules supplement the Federal Rules of Civil Procedure and provide that "each side shall furnish a statement which sets forth material facts as to which there exists or does not exist a genuine issue." L. Civ. R. 56.1. "Where possible, a single joint Rule 56.1 statement is favored." Allyn Z. Lite, New Jersey Federal Practice Rules 192 (2006 ed.)(citations omitted). "Where a joint statement is not prepared, then, under the rule, 'facts submitted in the statement of material facts which remain uncontested by the opposing party are deemed admitted.'" Id. at 193 (citations omitted). However, "the parties' statements pursuant to Local Rule 56.1 "cannot bind the Court if other evidence establishes that the stipulated facts are in error." Id. (citation omitted).

B.  **Statement of Material Facts and Defendant's Motion**

Defendant argues that Plaintiff has not met his burden in demonstrating a constitutional violation in order to warrant relief under 42 U.S.C. § 1983.  Defendant asserts that Plaintiff was treated by four medical professionals during his brief stay at the Center from November 20, 2008 until January 15, 2009, and was not denied medical care in order to be granted relief for a violation of the Eighth Amendment.

Relevant to the Court's analysis are the following statements of material fact submitted by Defendant: Plaintiff suffers from numerous medical conditions.  One such condition is herpetic keratitis, or herpes of the eye, which Plaintiff was diagnosed with during a prison stay.  While in prison from about 2007 until the time he entered the Center, Plaintiff was treated for the condition with brimonidine eye drops.  During his stay at the Center from November 20, 2008 until January 15, 2009, Plaintiff complained that the Center was not treating his medical condition concerning his left eye.  Plaintiff was prescribed brimonidine eye drops for his left eye and was administered the eye drops during his stay at the Center.  Plaintiff was also seen by four medical professionals during his stay at the Center, including an infectious disease doctor, and eye doctor, and two medical professionals.  The infectious disease doctor determined that the Center did not have the ability to properly care for

Plaintiff, thus resulting in Plaintiff's release, as directed by the New Jersey Parole Board.

This Court also notes that according to Plaintiff's deposition, attached as Exhibit B to Defendant's Motion for Summary Judgment, that after his release from the Center, Plaintiff went to the Emergency Room where he received medical care, was admitted to the hospital, and was given a corneal transplant. The transplant was unsuccessful, and at the time of the deposition, Plaintiff had no sight in his left eye. (Exhibit B, pp. 34-36).

C.  **Analysis**

The Eighth Amendment proscription against cruel and unusual punishment requires that prison officials provide inmates with adequate medical care. See Estelle v. Gamble, 429 U.S. 97, 103-04 (1976). In order to set forth a cognizable claim for a violation of his right to adequate medical care, an inmate must allege a serious medical need and behavior on the part of prison officials that constitutes deliberate indifference to that need. See id. at 106.

To satisfy the first prong of the Estelle inquiry, the inmate must demonstrate that his medical needs are serious. "Because society does not expect that prisoners will have unqualified access to health care, deliberate indifference to medical needs amounts to an Eighth Amendment violation only if

those needs are 'serious.'" Hudson v. McMillian, 503 U.S. 1, 9 (1992). Serious medical needs include those that have been diagnosed by a physician as requiring treatment or that are so obvious that a lay person would recognize the necessity for a doctor's attention, and those conditions which, if untreated, would result in lifelong handicap or permanent loss. See Monmouth County Correctional Institutional Inmates v. Lanzaro, 834 F.2d 326, 347 (3d Cir. 1987).

The second element of the Estelle test requires an inmate to show that prison officials acted with deliberate indifference to his serious medical need. "Deliberate indifference" is more than mere malpractice or negligence; it is a state of mind equivalent to reckless disregard of a known risk of harm. See Farmer v. Brennan, 511 U.S. 825, 837-38 (1994). Furthermore, a prisoner's subjective dissatisfaction with his medical care does not in itself indicate deliberate indifference. See Andrews v. Camden County, 95 F. Supp.2d 217, 228 (D.N.J. 2000); Peterson v. Davis, 551 F. Supp. 137, 145 (D. Md. 1982), aff'd, 729 F.2d 1453 (4th Cir. 1984). Similarly, "mere disagreements over medical judgment do not state Eighth Amendment claims." White v. Napoleon, 897 F.2d 103, 110 (3d Cir. 1990). "Courts will disavow any attempt to second-guess the propriety or adequacy of a particular course of treatment ... [which] remains a question of sound professional judgment." Inmates of Allegheny County Jail v. Pierce, 612 F.2d

754, 762 (3d Cir. 1979) (internal quotation and citation omitted). Even if a doctor's judgment concerning the proper course of a prisoner's treatment ultimately is shown to be mistaken, at most what would be proved is medical malpractice and not an Eighth Amendment violation. See Estelle, 429 U.S. at 105-06; White, 897 F.3d at 110.

Therefore, in summary:

> Where prison authorities deny reasonable requests for medical treatment, however, and such denial exposes the inmate "to undue suffering or the threat of tangible residual injury," deliberate indifference is manifest. Similarly, where "knowledge of the need for medical care [is accompanied by the] ... intentional refusal to provide that care," the deliberate indifference standard has been met. ... Finally, deliberate indifference is demonstrated "[w]hen ... prison authorities prevent an inmate from receiving recommended treatment for serious medical needs or deny access to a physician capable of evaluating the need for such treatment."

Monmouth County Correctional Institutional Inmates v. Lanzaro, 834 F.2d 326, 346 (3d Cir. 1987) (internal citations omitted).

In this case, it is undisputed that Plaintiff was treated for his medical condition concerning his eye. Exhibit F to Defendant's Motion for Summary Judgment shows that on December 1, 2008 and December 11, 2009, Plaintiff complained of eye itching and pain. He was also seen on December 17, 2008 at an eye care facility and prescribed glasses. Almost a month later, he was seen by the infectious disease doctor, who examined him and recommended his discharge for medical reasons. The discharge

report from the Center notes under "Medications" the brimonidine drops. Exhibit G to Defendant's Motion demonstrates that Plaintiff was administered brimonidine eye drops twice a day from November 24, 2008 through November 28, 2008, and then once on November 29, 2008. Plaintiff stated in his deposition, attached to Defendant's Motion as Exhibit B, that he continued with the eye drops at the Center and that they never took them away from him (Exhibit B at p. 27).

Based on the foregoing facts, which are not in dispute, this Court finds that Plaintiff was treated for his eye complaints, and that Defendant was not deliberately indifferent to his medical needs. In his almost two month stay at the Center, Plaintiff was seen by four medical professionals and was treated with eye drops for his eye complaints. They even released him, based on his medical complaints. There is no question that Plaintiff's medical condition concerning his eye was "recklessly disregarded" by Defendant to evidence deliberate indifference. As noted above, whether Plaintiff was dissatisfied with his medical care does not in itself indicate deliberate indifference, and even if the Center's treatment of his condition was incorrect, at most what would be proved is medical malpractice and not an Eighth Amendment violation. Therefore, this Court finds that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.

## CONCLUSION

For the foregoing reasons, Defendant's motion for summary judgment will be granted. An appropriate Order accompanies this Opinion.

*[signature]*
GARRETT E. BROWN, JR., Chief Judge
United States District Court

Dated: September 13, 2010